**\*\* E-filed July 20, 2010 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIAN TANKERSLEY, et al.,<br><br>　　　　Plaintiffs,<br>　v.<br>JOHN R. LYNCH, et al.,<br><br>　　　　Defendants. | No. C09-05763 HRL<br><br>**INTERIM ORDER RE: DECEMBER 16, 2009 ORDER TO STAY MATTER PENDING ARBITRATION**<br><br>**[Re: Docket No. 8]** |

　　　Plaintiffs Marian Tankersley and Richard Diehl (collectively, "Plaintiffs") filed suit against John Lynch, Gregory Longe, Louis Maio, and Richard Bass (collectively, "Defendants") alleging violations of Michigan franchise law. Defendants are all officers or employees of Collision on Wheels International LLC ("Collision on Wheels"), a Michigan-based franchisor selling mobile auto body repair system franchises.

　　　In December 2009, the Court granted the parties' stipulation for an order staying the case pending the outcome of arbitration between Plaintiffs and Collision on Wheels. (Docket No. 8.) In its order, the Court stayed the case "until 30 days after an award is entered in the Arbitration, at which time Defendants will have 20 days to file a response to Plaintiffs' complaint." (*Id.* at 2.) The Court further ordered that the parties notify the Court when an award was entered in the arbitration. (*Id.*)

　　　On June 15, 2010, the Court received such notice from Plaintiffs. Plaintiffs wrote that the arbitrator issued an "Interim Award" in Plaintiffs' favor on June 10. Plaintiffs explained that the

1  arbitrator styled the award as an interim one only to reserve jurisdiction over the post-award
2  determination of the amount of costs and attorney's fees to be awarded; liability, however, had been
3  determined.  (Docket No. 9, Ex. A.)  Based on this award, Plaintiffs suggested that the stay in this
4  case would end on July 10 (*i.e.*, 30 days after entry of an award in the arbitration) and therefore
5  Defendants' response to Plaintiffs' complaint would be due on July 30 (*i.e.*, 20 days after the stay is
6  lifted).  (*Id.*)  Plaintiffs requested that the Court schedule a status conference for this case to
7  determine next steps.  (*Id.*)

8  Defendants' position is that the arbitrator's "Interim Award" does not start the clock on the
9  lifting of the stay because the award has not been finalized.  Defendants do not believe that this
10 Court intended to lift the stay based on an "Interim Award."

11 Defendants are correct.  The Court's previous order was meant to stay this case until the
12 entry of a final award in the arbitration.  Accordingly, this action shall continue to be stayed until 30
13 days after a final award is entered in the arbitration, and at that time Defendants will have 20 days to
14 file a response to Plaintiffs' complaint.  The parties shall notify the Court when a final award is
15 entered in the arbitration.[1]

16 **IT IS SO ORDERED.**

17 Dated: July 20, 2010

18 HOWARD R. LLOYD
   UNITED STATES MAGISTRATE JUDGE

---

[1] However, if the arbitrator does not issue the final award within six months of the date of this order, the Court would, upon motion, revisit whether to lift the stay in this case at that time.

2

**C09-05763 HRL** N**otice will be electronically mailed to:**

Bruce Jonathan Napell	bjn@singler-law.com
Bryan W. Dillon	bwd@singler-law.com
Charles G. Miller	cmiller@bztm.com, pbrown@bztm.com
Jason David Maynard	jdm@singler-law.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

United States District Court
For the Northern District of California